UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

IRAKLI PKHALADZE, :
        Petitioner, :
         :
   v. :   No.   2:26-cv-0509
         :
MICHAEL ROSE, *ICE Field Office* :
*Director*, KRISTI NOEM, *Secretary of* :
*Homeland Security*, TODD M. LYONS, :
*Acting Director of ICE*, JAMAL L. :
JAMISON, *Warden of Philadelphia Federal* :
*Detention Center*, and PAMELA BONDI, :
*Attorney General of the United States* :
        Respondents. :
_____

**O R D E R**

**AND NOW,** this 10th day of February, 2026, upon consideration of the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, ECF No. 1;[1] Respondents' Opposition, ECF No. 7;[2]

---

[1] Petitioner Irakli Pkhaladze, a citizen of Georgia, entered the United States without inspection on October 18, 2022, at Calexico, California. *See* Pet. ¶ 18, ECF No. 1. Thereafter, he was apprehended by Customs and Border Patrol ("CBP") and charged with removability under 8 U.S.C. § 1182(a)(6)(A)(i) ("Aliens present without admission or parole"), *id.* at ¶ 19, and 8 U.S.C. § 1182(a)(7)(A)(i)(I) ("Immigrant without an immigrant visa"). *See* ECF Nos. 1-6, 7-1. On October 19, 2022, he was issued a Notice and Order of Expedited Removal (Form I-860), pursuant to 8 U.S.C. § 1225(b)(1), and placed in expedited removal proceedings. *See* ECF No. 7-1. However, on November 26, 2022, Petitioner was paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5)(A). *See* ECF No. 1-5. This parole was set to expire after one year. *See id.* On August 27, 2025, he was issued a Notice to Appear (Form I-862), and ordered to appear before an Immigration Judge on May 28, 2026. *See* ECF No. 1-6. On January 23, 2026, Petitioner was arrested and detained by Immigration and Customs Enforcement ("ICE") while at a regularly scheduled ICE check-in in Philadelphia. *See* Pet. at ¶¶ 2, 21. He is being held without bond having been set. *Id.* at ¶ 11. Petitioner filed the instant habeas petition on January 26, 2026. *See id.* In it, he alleges that his detention without a bond hearing violates: (I) the Immigration and Nationality Act ("INA"), (II) the Fifth Amendment Due Process Clause, and (III) the Fourth Amendment Unreasonable Search and Seizure Clause. *See id.* ¶¶ 24-31.

[2] On February 3, 2026, Respondents filed their Opposition, arguing that the Court should deny habeas relief because: (1) Petitioner's detention is authorized by 8 U.S.C. § 1225(b)(1); and (2) Petitioner's detention is constitutional. *See* ECF No. 7.

Petitioner's Reply Brief in Support of his Petition, ECF No. 8; and for the reasons set forth in Judge Chad F. Kenney's Opinion issued in *Vasquez-Rosario v. Noem*, No. 25-cv-7427, 2026 WL 196505 (E.D. Pa. Jan. 26, 2026), which is incorporated in its entirety herein;[3] **IT IS ORDERED THAT**:

---

[3]  Judge Kenney's Opinion featured a factually similar petitioner and discussed whether 8 U.S.C. § 1225(b)(1) would serve to subject that petitioner to mandatory detention without a bond hearing. The *Vasquez-Rosario* Opinion rejected the Government's arguments in favor of mandatory detention, which are substantially the same as those brought in the above-captioned action.

Under 8 U.S.C. § 1225, "applicants for admission," *i.e.*, aliens present in the United States who have not been admitted, *see* §1225(a)(1), "fall into one of two categories, those covered by § 1225(b)(1) and those covered by § 1225(b)(2)." *Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018). "Section 1225(b)(1) governs noncitizens: (1) who are inadmissible for lack of proper entry documents or because they engaged in fraud or a willful misrepresentation of a fact on their application for admission; and (2) who fall within either the 'Arriving Aliens Provision' or the 'Designation Provision.'" *Vasquez-Rosario v. Noem*, No. 25-cv-7427, 2026 WL 196505, at *3 (E.D. Pa. Jan. 26, 2026) (citing *Rodriguez-Acurio v. Almodovar*, No. 2:25-cv-6065, 2025 WL 3314420, at *10 (E.D.N.Y. Nov. 28, 2025)). Inadmissible aliens who do "not demonstrate an intent to apply for asylum or indicate 'a fear of prosecution or torture or fear of returning to their country of origin'" are subject to expedited removal proceedings, during which § 1225(b)(1) mandates detention. *See id.* (citing *Rodriguez-Acurio*, 2025 WL 3314420, at *9). However, "neither the Arriving Aliens Provision nor the Designation Provision of Section 1225(b)(1) authorizes expedited removal and the detention of noncitizens, who like [Petitioner], were paroled into the United States under Section 1182(d)(5)(A)." *Id.* (citing *Rodriguez-Acurio*, 2025 WL 3314420, at *14).

Here, Petitioner was initially issued a Notice and Order of Expedited Removal on Form I-860, subjecting him to expedited removal proceedings under § 1225(b)(1), but, much like the petitioner in *Vasquez-Rosario*, was later issued a Notice to Appear on Form I-862, subjecting him to regular "removal proceedings under section 240 of the Immigration Act." *See* ECF No. 1-6. From the time of Petitioner's initial parole into the United States in November 2022 to the time of his arrest in January 2026, DHS "did not treat [him] as if he were subject to mandatory detention and expedited removal proceedings." *See Vasquez-Rosario*, 2026 WL 196505, at *6. Like in *Vasquez-Rosario*, this Court finds that here, Petitioner is not subject to the "Designation Provision" of § 1225(b)(1)(A)(iii)(II) because he resided here for over three years prior to his arrest by ICE, and because his expired parole merely reverts his status to that of any undocumented asylum seeker residing in the United States. *See id.* at *7-8. Likewise, as in *Vasquez-Rosario*, this Court finds that Petitioner is not subject to the "Arriving Alien" provision of § 1225(b)(1)(A)(i) because he is no longer "in the process of reaching the United States." *Id.* at *8. Respondents do not argue that Petitioner is subject to § 1225(b)(2). Accordingly, "his detention is discretionary and governed by Section 1226(a), which 'applies to aliens already present in the United States.'" *Id.* at *10 (citing *Jennings*, 583 U.S. at 303).

The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**,[4] as follows:

1. Petitioner Irakli Pkhaladze is not subject to mandatory detention under 8 U.S.C. § 1225(b)(1), and instead may be detained, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a);

2. **Within seven (7) days of the date of this Order**, the Government SHALL provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a);

3. If a bond hearing is not held before an Immigration Judge within seven (7) days, the Government shall immediately RELEASE Petitioner from ICE custody; and

4. The Clerk of Court shall mark this case **CLOSED**.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

The *Vasquez-Rosario* Opinion is only one of dozens in this District which reach a similar conclusion, but it is one of the first to consider the applicability of the "Designation Provision" and "Arriving Alien Provision" of 8 U.S.C. § 1225(b)(1), which, before *Vasquez-Rosario*, had not been "explored in depth in this District." *See id.* at *3. In a manner consistent with *Vasquez-Rosario* and other recent decisions in this District, this Court finds that Petitioner's continued detention without a bond hearing violates the INA.

[4] As Petitioner is entitled to habeas relief on the INA claim, the Court will not reach the merits of the Fifth and Fourth Amendment claims. The Petition for Writ of Habeas Corpus is granted, by first ordering a bond hearing, and then ordering his immediate release if a bond hearing is not timely provided.